19 F.3d 1443
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Wayne BUCKALOO, Defendant-Appellant.
 No. 93-7049.
 United States Court of Appeals, Tenth Circuit.
 March 25, 1994.
 
 Before ANDERSON, McWILLIAMS and KELLY, CIrcuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 Charles Wayne Buckaloo was convicted on one count of possession of a firearm after former conviction of a felony and one count of acquiring a firearm by false statement in violation of 18 U.S.C. 922(g) and 922(a)(6), respectively. His sentence was enhanced under 18 U.S.C. 924(e) and imposed in accordance with the provisions of the United States Sentencing Commission, Guidelines Manual, 4B1.4. The presentence report calculated Mr.Buckaloo's criminal history at Category V which, at base offense level thirty-three, yielded a sentencing guideline range of 210 to 262 months. The district court sentenced Mr. Buckaloo at the top of the guideline range, 262 months.
 
 
 2
 On appeal, Mr. Buckaloo contends that his conviction should be overturned because the district court erred in failing to grant his motion for a mistrial. He also challenges his sentence on various grounds, including that it is disproportionate to the offense he committed, in violation of the Eighth Amendment. He also asserts that the district court erred by failing to depart downward from the guideline range to the statutory minimum of fifteen years. We affirm.
 
 BACKGROUND
 
 3
 The owner of Randy's Pawn and Gun in Madill, Oklahoma, made pawn for a Stevens 410 shotgun on April 16, 1991. Charles Buckaloo signed the pawn ticket. On May 7, 1991, Mr. Buckaloo completed and signed an ATF form 4473 to redeem the shotgun, writing "No" to the question, "Have you been convicted in any court of a crime punishable by imprisonment for a term exceeding one year?" On August 14, 1992, Mr.Buckaloo was indicted on two counts of violating federal firearms laws, and he pled not guilty. At the jury trial on October 5, 1992, he stipulated to having a previous conviction for a crime punishable by imprisonment for a term exceeding one year. The jury found him guilty on both counts. At a competency hearing on March 25, 1993, the court found Mr.Buckaloo competent to be sentenced and also found him subject to sentencing enhancement pursuant to 18 U.S.C. 924(e)(1). On May 11, 1993, the court sentenced him to concurrent prison terms of 262 months on count one and thirty-three months on count two.
 
 DISCUSSION
 
 4
 A. Motion for mistrial. Mr. Buckaloo challenges the district court's denial of his motion for a mistrial based on the admission of prior acts evidence in violation of Rule 404(b), Fed.R.Evid. We review for abuse of discretion. United States v. Easter, 981 F.2d 1549, 1553-54 (10th Cir.1992), cert. denied, 113 S.Ct. 2448 (1993).
 
 
 5
 Before trial, the court ruled that the government could not present evidence of Mr.Buckaloo's prior pawning of the gun unless the defense put it in issue. R. Vol. III at 4. At trial, Mr.Buckaloo's wife was his sole witness. She testified that she carried the gun, that it was she who actually pawned and redeemed it, but her husband accompanied her and filled out the required forms in his name because she did not have a picture ID. On cross-examination, the prosecutor asked Mrs. Buckaloo, "Did you--had you pawned this--had you had this gun in your possession before this time?" Id. at 118 (emphasis added). She answered, "There was one other time that we had to pawn it, yes, sir." Id. at 119 (emphasis added). Mr. Buckaloo objected and moved for a mistrial. At the bench conference, the trial court stated that the prosecutor had asked the witness "if she pawned it some other time," and overruled the objection. Id. at 119-20 (emphasis added). The court apparently determined that the government had not improperly elicited Mrs. Buckaloo's unresponsive answer, since, as the defense claimed, her pawning the gun was not illegal, nor did it show her husband's bad character. This ruling was clearly within the court's discretion.
 
 
 6
 Later, the prosecutor asked Mrs. Buckaloo to reconcile a previous inconsistent statement that she was alone at the time she pawned the gun, and she answered, "I was confused between the two different pawnshops." Id. at 124. This led to another brief exchange which Mr. Buckaloo now declares objectionable. However, he did not object at the time and therefore has failed to preserve this alleged error which did not result in manifest injustice. United States v. Taylor, 800 F.2d 1012, 1017 (10th Cir.1986), cert. denied, 484 U.S. 838 (1987). The references to the prior pawning were not impermissible evidence of other crimes or a plain violation of the pretrial ruling. See United States v. Mayes, 917 F.2d 457, 465 (10th Cir.1990), cert. denied, 498 U.S. 1125 (1991).
 
 
 7
 B. Sentencing. We apply a de novo standard of review to constitutional challenges to sentences. United States v. Angulo-Lopez, 7 F.3d 1506, 1508 (10th Cir.1993).
 
 
 8
 Mr. Buckaloo contends that he "has received an excessive sentence in violation of the Eighth Amendment prohibition against cruel and unusual punishment." Brief of Appellant at 11. He argues that his conviction under 922(g), for possession of a firearm after former conviction of a felony, is simply a technical violation, and that at most he was only in constructive possession of a shotgun at the time it was pawned at a local pawnshop. He asserts that the crime is a victimless crime and that he cooperated with law enforcement officials during the investigation of his case. In short, he asks us to find that his sentence is so grossly disproportionate to the crimes for which he was charged that it violates the Eighth Amendment. Id. at 12.
 
 
 9
 While Mr. Buckaloo's constitutional arguments should have been directed in the first instance to the sentencing guideline which prescribed the parameters of the sentence imposed, we rule against him on the merits of his argument, however characterized. Mr. Buckaloo's protest ignores the fact that the penalty he received was not only for his last violation but, rather, for the danger he represents as an armed career criminal with a history of three violent crimes. See United States v. Williams, 941 F.2d 682, 683 (8th Cir.1991); United States v. Gourley, 835 F.2d 249, 253 (10th Cir.1987), cert. denied, 486 U.S. 1010 (1988); U.S.S.G. 4B1.4.
 
 
 10
 While the Eighth Amendment forbids a sentence which is disproportionate to the severity of the crime or involves unnecessary infliction of pain, so long as the sentence is within statutory limits, generally, an appellate court will not substitute its judgment for the legislature's. United States v. Youngpeter, 986 F.2d 349, 355 (10th Cir.1993).
 
 
 11
 Mr. Buckaloo also argues that the district court abused its discretion in not departing downward from the sentencing guidelines, to the fifteen-year statutory minimum imposed by 924(e). The critical point with respect to this argument is that the district court imposed a sentence which is within the guideline range prescribed for a base offense level of thirty-three and a criminal history category of V (210-262 months). Mr.Buckaloo does not contest that fact, or the applicability of 924(e) and, therefore, U.S.S.G. 4B1.4, in accordance with their terms. We have no jurisdiction to review a sentence which is imposed within the applicable guideline range, 18 U.S.C. 3742; Youngpeter, 986 F.2d at 355, or to review the district court's refusal to exercise its discretion to depart downward. United States v. Davis, 900 F.2d 1524, 1529-30 (10th Cir.), cert. denied, 498 U.S. 856 (1990).
 
 
 12
 For the reasons stated above, the judgment of conviction and the sentence imposed by the district court are AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470