**F I L E D**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

ANDREW GREEN, JR.,

      Petitioner-Appellant,

v.

STATE OF KANSAS; PHIL KLINE.
Attorney General of Kansas,

      Respondents-Appellees.

No. 06-3118
(D.C. No. 05-CV-3450-SAC)
(Kansas)

## ORDER[*]

Before **MURPHY, SEYMOUR**, and **McCONNELL**, Circuit Judges.

Andrew Green, Jr., a Kansas state prisoner appearing *pro se*,[1] seeks a

certificate of appealability (COA) to challenge the district court's dismissal of his

28 U.S.C. § 2254 habeas petition as time-barred.[2] *See* 28 U.S.C. § 2253(c)(1)(A)

---

[*]This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.

[1]Because he is proceeding *pro se*, we review Mr. Green's pleadings and
filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.
Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] The district court denied Mr. Green's application for a COA, but granted
his motion to proceed *in forma pauperis* on appeal.

(prisoner must obtain a COA before appealing the dismissal of a § 2254 petition). Where the district court dismisses a petition on procedural grounds, the inmate must show in his application for a COA "that it is reasonably debatable whether (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court's procedural ruling is correct." *Dulworth v. Evans*, 442 F.3d 1265, 1266 (10th Cir. 2006), citing *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Because we conclude the district court's procedural ruling is correct, we deny Mr. Green's application for a COA and dismiss his appeal.

Mr. Green was convicted of first-degree murder and aggravated battery arising from a prison riot. On July 12, 1996, those convictions were affirmed. *State v. Green*, 920 P.2d 414 (Kan. 1996). In 2003, Mr. Green filed a motion for postconviction relief alleging ineffective assistance of counsel. That motion was denied by the trial court following an evidentiary hearing, and affirmed in May 2005. *Green v. State*, 110 P.3d 1053 (Kan. App. 2005).

Mr. Green filed a § 2254 habeas petition in district court on November 30, 2005, claiming his trial counsel was ineffective. The district court ordered Mr. Green to show cause why his petition should not be dismissed for having been filed outside the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1). Mr. Green in his response did not deny that his petition was facially untimely, but asserted the one-year period was subject to equitable tolling. Specifically, he claimed that "[f]rom May 22, 1993 until Sept.2003 I was in Administrative

Segregation and again from Feb. 6, 2004 until present." Rec. at 5. Due to this confinement he said he was unable to visit the prison's law library and had to request legal materials through a cumbersome and time-consuming process. He further claimed prison staff were impervious to his requests for timely delivery and all steps of the process were "done at [their] convenience." *Id.* Moreover, because his underlying conviction was for the murder and assault of corrections officers, Mr. Green implied that prison staff may have dragged their feet more than usual in complying with his requests.

Mr. Green also asserted his petition was untimely because he had difficulty obtaining legal advice in filing his state motion for postconviction relief and his § 2254 petition. As evidence of his efforts to obtain advice, he attached two letters to his show cause response. The first letter, dated July 16, 1997, from the office of the state's chief appellate defender recommends Mr. Green contact Legal Services for Prisoners for help filing postconviction motions. The second letter, dated March 1, 1999, from an attorney with Legal Services for Prisoners states that his office will review completed forms for postconviction relief, but will not assist a prisoner in filling them out. The letter also advises Mr. Green how to obtain trial transcripts.

The district court dismissed Mr. Green's § 2254 habeas petition as time-barred. In so doing, the court noted that Mr. Green failed to seek any form of postconviction relief until 2003, by which time the one-year period of limitation

-3-

for filing a federal habeas petition had long since expired. The court further held that the one-year period was not subject to equitable tolling because Mr. Green failed to show that extraordinary circumstances prevented him from filing on time or that he pursued his habeas claims diligently. Mr. Green challenges these findings.

As already noted, § 2244(d)(1) states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). In the present case, the one-year period began to run on October 12, 1996, after the Kansas Supreme Court affirmed Mr. Green's conviction on July 12, 1996, and the three-month period for seeking a writ of certiorari from the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999). Accordingly, Mr. Green had one year either to file a § 2254 habeas petition or to toll the one-year period of limitation by filing a state petition for postconviction relief. Because he did not file a state petition until 2003, by which time § 2244(d)(1)'s one-year period of limitation had expired, his habeas petition, was untimely by more than eight years. The only issue is whether Mr. Green established a case for equitable tolling.

In *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998), we recognized that § 2244(d) is not jurisdictional and is subject to equitable tolling. "However, this equitable remedy is only available when an inmate diligently pursues his claims

and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000), *cert. denied*, 531 U.S. 1194 (2001).

> Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period. Simple excusable neglect is not sufficient. Moreover, a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law . . . is not enough to support equitable tolling.

*Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (internal citations and quotation marks omitted).

A prisoner's confinement in administrative segregation may qualify as an extraordinary circumstance beyond his control, *see Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005), but equitable tolling is justified only where the prisoner has shown that despite his segregated confinement he diligently pursued his habeas claims and his confinement prevented him from filing on time. Mr. Green has not made such a showing. Nowhere does he claim that he was denied access to legal materials because of his confinement. Although he asserts the process of acquiring legal materials was slow and unwieldy and perhaps subject to the caprice of unfriendly staff, he does not contend his confinement prevented him from filing in a timely fashion, only that it made it more difficult. Such difficulty, does not explain why Mr. Green

took nearly six years after his conviction became final to pursue his state habeas claims. Two letters requesting advice in six years do not support a finding of due diligence. Because Mr. Green has not shown that he diligently pursued his habeas claims and was prevented by extraordinary circumstances beyond his control from filing his § 2254 petition within the one-year period of limitation, he may not rely on equitable tolling as an excuse. Reasonable jurists would not debate the district court's dismissal of his petition as untimely.

In his COA application, Mr. Green implies that any procedural bar to his habeas claims should be excused to prevent a fundamental miscarriage of justice on the grounds that he is actually innocent. To prevail on a claim of actual innocence, Mr. Green "must identify evidence that affirmatively demonstrates his innocence. A criminal defendant is required to provide evidence that does more than simply undermine the finding of guilt against him or her." *Phillips v. Ferguson*, 183 F.3d 769, 774 (10th Cir. 1999) (internal citations and quotations marks omitted). Our review of the record establishes that nowhere other than in his COA application has Mr. Green claimed actual innocence. Nor has he identified evidence affirmatively demonstrating his innocence. Accordingly, he has not shown the possibility of a fundamental miscarriage of justice excusing the timeliness bar.

For the aforementioned reasons, we **DENY** Mr. Green's application for a COA and **DISMISS** his appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge
