FILED
United States Court of Appeals
Tenth Circuit

December 3, 2007

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

CHARLES WAYNE BUCKALOO,

     Defendant-Appellant.

No. 07-7070
(D.C. Nos. CIV-07-218-FHS and
CR-92-38-FHS)
(E.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

Charles Wayne Buckaloo, a federal prisoner proceeding *pro se*, seeks to challenge his imprisonment in a 28 U.S.C. § 2255 habeas petition. The district court dismissed the petition as time-barred, and Mr. Buckaloo now seeks before us a certificate of appealability ("COA") to appeal the district court's order. For substantially the same reasons set forth by the district court in dismissing the petition, we deny Mr. Buckaloo's application for a COA and his request for leave to proceed *in forma pauperis*.

\*   \*   \*

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In 1992, Mr. Buckaloo was indicted on one count of being a felon in possession of a firearm, *see* 18 U.S.C. § 922(g), and one count of acquiring a firearm by false statement, *see id.* at § 922(a)(6). A jury found him guilty on both scores, and the district court sentenced him to concurrent prison terms of 262 months on the first count and 33 months on the second. Mr. Buckaloo appealed his conviction and sentence to this court; we upheld both in March 1994. *See United States v. Buckaloo*, 1994 WL 95969 (10th Cir. 1994).

In June 2007, Mr. Buckaloo initiated this Section 2255 action alleging, among other things, that he was innocent of the charges on which he was convicted, that he was denied a fair trial, and that he received ineffective assistance of counsel at trial. Additionally, during the district court's proceedings, Mr. Buckaloo filed an "Affidavit of Bias," which the district court judge construed as a motion to disqualify him from consideration of the Section 2255 petition. The district court denied the motion to disqualify, and then proceeded to dismiss with prejudice Mr. Buckaloo's Section 2255 petition as time-barred.

Mr. Buckaloo then proceeded to seek a COA from this court to appeal the disposition of his habeas petition.[1] We may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." *See* 28

---

[1] Mr. Buckaloo does not appear to have sought a COA in connection with the district court's denial of his motion to disqualify but, in any event, we find in the record before us no colorable basis for that motion.

U.S.C. § 2253(c)(2). Moreover, where the district court has dismissed a habeas petition on procedural grounds, a COA should be issued only when "the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added); *see also Omar-Muhammad v. Williams*, 484 F.3d 1262, 1264 (10th Cir. 2007).

In this case, we have no doubt that the district court ruled correctly in dismissing Mr. Buckaloo's Section 2255 petition as time-barred. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a prisoner typically has one year from the date on which his conviction becomes final to file a motion for habeas corpus relief. *See* 28 U.S.C. § 2255. But where, as here, the conviction became final prior to the enactment of AEDPA, the prisoner had one year from the date of AEDPA's enactment – in other words, until April 24, 1997 – to file a Section 2255 petition. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 & n. 4 (10th Cir. 2003); *United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997), *overruled in part on other grounds by Hurst*, 322 F.3d at 1261 n.4. As such, Mr. Buckaloo's filing in June 2007 was more than 10 years late and thus precluded by statute.

Of course, the AEDPA period of limitation may be subject to equitable tolling in extraordinary circumstances. *See Miller v. Marr*, 141 F.3d 976, 978

(10th Cir. 1998). Accordingly, Mr. Buckaloo argues on appeal that he did not file his motion sooner because he was not aware of Section 2255 until June 2007, because of his mental and medical condition, and because of his assignment to solitary confinement for extended periods. Unfortunately, Mr. Buckaloo failed to present any of these arguments to the district court and thus waived them. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (refusing to reach petitioner's equitable tolling argument because he did not raise it in the district court).

Even were we to consider these contentions, moreover, we would still find that Mr. Buckaloo's circumstances do not warrant equitable tolling. We have consistently held that "a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling." *Id.* Accordingly, Mr. Buckaloo's assertion that he only recently learned of Section 2255's existence cannot qualify him for equitable tolling. As for the possibility that Mr. Buckaloo's medical or mental condition prevented him from pursuing such relief, we have no medical records or other evidence before us to confirm his assertion of incapacity over a period spanning more than ten years. To the contrary, Mr. Buckaloo himself states that his now-restored mental capacity is a result of treatment that he began receiving fully six years ago. Neither does Mr. Buckaloo's assignment to solitary confinement excuse his delay. We have previously held that, although

"confinement in administrative segregation may qualify as an extraordinary circumstance beyond [a prisoner's] control, . . . equitable tolling is justified only where the prisoner has shown that despite his segregated confinement he diligently pursued his habeas claims and his confinement prevented him from filing on time." *Green v. Kansas*, 190 Fed. Appx. 682, 685 (10th Cir. 2006) (unpub.).  Mr. Buckaloo has failed to make any such showing before us.[2]

Finally, Mr. Buckaloo seeks leave to proceed in this court *in forma pauperis*.  To qualify, an appellant "must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).  Because Mr. Buckaloo has failed to raise any such "reasoned, nonfrivolous" argument, we deny his motion.

\*   \*   \*

We agree with the district court that Mr. Buckaloo's habeas petition is time-barred and deny Mr. Buckaloo's request for a COA and motion to proceed before this court *in forma pauperis*.  This appeal is dismissed.

---

[2] We also note that Mr. Buckaloo argues that the application of AEDPA to his case constitutes impermissible retroactive application of the laws, and he cites a number of cases predating AEDPA to argue that his petition should not have been time-barred.  But it is precisely to avoid impermissible retroactive application of AEDPA's time bar provisions that, for prisoners whose convictions predate AEDPA, we begin counting the one-year period for filing Section 2255 petitions from the date of AEDPA's enactment.  *See Simmonds*, 111 F.3d at 744-46.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge