**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 16, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MICHAEL STOVALL,

      Petitioner - Appellant,

v.

JOHN CHAPTELAIN, Warden, and THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

      Respondents - Appellees.

No. 16-1286
(D.C. No. 1:16-CV-00618-LTB)
(D. Colorado)

_____

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE, GORSUCH**, and **McHUGH**, Circuit Judges.
_____

Michael Stovall, a Colorado state prisoner proceeding pro se,[1] seeks a

certificate of appealability (COA) to appeal the district court's dismissal of his 28

U.S.C. § 2254 habeas petition as untimely. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring

a COA to appeal the denial of a habeas petition). Mr. Stovall also requests leave to

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Mr. Stovall is proceeding pro se, we construe his filings liberally.
*See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "[T]his rule of liberal construction
stops, however, at the point at which we begin to serve as his advocate." *United*
*States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

proceed *in forma pauperis*. Exercising jurisdiction under 28 U.S.C. § 1291, we deny both requests and dismiss the appeal.

## I.    BACKGROUND

Mr. Stovall pled guilty in Colorado state court to first-degree murder and several other felonies after shooting and killing a police officer. He was sentenced on November 2, 2001, and did not appeal; however, the state appealed because the trial court did not order restitution. The Colorado Court of Appeals reversed on this ground and remanded for the trial court to consider restitution. On May 6, 2004, the trial court ordered Mr. Stovall to pay restitution to the victim's family. Again, he did not appeal.

On July 30, 2012, Mr. Stovall filed a postconviction motion in state court. *See* Colo. R. Crim. P. 35(c). The trial court denied the motion as vague. Mr. Stovall filed a notice of appeal after the deadline. The Colorado Court of Appeals dismissed his notice as untimely and with prejudice because he failed to show cause for filing late. Mr. Stovall did not file a petition for writ of certiorari with the Colorado Supreme Court.

On October 9, 2013, Mr. Stovall filed another postconviction motion in state court, which the court denied as successive. After filing another late notice of appeal, the Colorado Court of Appeals again dismissed the appeal with prejudice because Mr. Stovall did not establish good cause. This time he filed a petition for writ of certiorari with the Colorado Supreme Court, which was denied on November 23, 2015.

2

On March 26, 2016, Mr. Stovall filed a habeas petition under 28 U.S.C. § 2254, alleging eight claims for relief: (1) ineffective assistance of plea counsel, (2) involuntary guilty plea, (3) illegal arrest, (4) illegally obtained evidence, (5) failure to preserve exculpatory evidence, (6) lack of subject matter jurisdiction, (7) evidence obtained from an illegal arrest, and (8) illegally assessed restitution.

The district court dismissed the petition as untimely, as Mr. Stovall did not file within the one-year limitation period required by 28 U.S.C. § 2244(d). Further, the court found that Mr. Stovall did not meet the requirements for equitable tolling, under either the extraordinary circumstances doctrine or actual innocence.

The district court declined to issue a COA, determining that "jurists of reason would not debate the correctness of this procedural ruling and Mr. Stovall has not made a substantial showing of the denial of a constitutional right." The court also denied Mr. Stovall *in forma pauperis* status for the purpose of appeal. 28 U.S.C. § 1915(a)(3).

## II.    DISCUSSION

A COA is a jurisdictional prerequisite to appellate review of the district court's decision to dismiss a § 2254 petition. *See Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006). When a district court denies a petition on procedural grounds without reaching the underlying claims, we will only issue a COA if the prisoner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the

3

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). In this case, we conclude that reasonable jurists would not debate the correctness of the district court's procedural dismissal of Mr. Stovall's claims as untimely. We therefore need not decide whether reasonable jurists would disagree with Mr. Stovall's underlying claims. *Id.*

The district court correctly found that Mr. Stovall's claims fell outside the one-year limitation period. 28 U.S.C. § 2244(d)(1). The one-year limitation period runs from the latest of four possible accrual dates. *See id.* The accrual date relevant to Mr. Stovall's petition is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A).

A conviction becomes final when the time for seeking review in the state court expires and the defendant has not appealed. 28 U.S.C. § 2244(d)(1)(A). Mr. Stovall had forty-five days under Colorado law to appeal the judgment. Colo. App. R. 4 (2004). In an "abundance of caution," the district court used the date of resentencing—not the date of the original sentencing—to determine the date on which the one-year clock began to run. Mr. Stovall was resentenced on May 6, 2004 and did not appeal. The judgment became final on June 21, 2004, the first business day after the forty-five day deadline. Mr. Stovall had one year (until June 21, 2005) to file any postconviction motions, which he did not do. In fact, Mr. Stovall did not submit his first postconviction motion until July 30, 2012, several years after the one-year habeas deadline.

4

On appeal, Mr. Stovall does not dispute the district court's calculations. Rather, he argues that this court should abolish the one-year limitation as unconstitutional because "there is no time limit to exert ones *rights*," and because it is "fundamentally unfair" to not receive a ruling on the merits.

The Supreme Court has "expressed a clear deference to the rules that Congress has fashioned concerning habeas." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *Lonchar v. Thomas*, 517 U.S. 314, 322–23 (1996) ("Congress, the Rule writers, and the courts have developed more complex procedural principles that regularize and thereby narrow the discretion that individual judges can freely exercise. Those principles seek to maintain the courts' freedom to issue the writ, aptly described as the 'highest safeguard of liberty,' while at the same time avoiding serious, improper delay, expense, complexity, and interference with a State's interest in the 'finality' of its own legal processes." (citations omitted)).

Further, the one-year limitation is not a complete jurisdictional bar to review. Petitioners may still have their claims heard if they qualify for equitable tolling. *Miller*, 141 F.3d at 978. Equitable tolling is appropriate if the petitioner (1) proves actual innocence, (2) is prevented from timely filing because of an adversary's conduct or other exceptional circumstances, or (3) actively pursues his claims but files a defective pleading during the statutory period. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). In addition to showing one of the above, the petitioner must also show that he "diligently pursue[d]" his claims. *Id.* Because "equitable tolling should not be used to thwart the intention of Congress in establishing a statute

of limitations for habeas claims, . . . we have limited equitable tolling of the one-year limitations period to 'rare and exceptional' circumstances." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003) (citation omitted).

The district court found that Mr. Stovall did not qualify for equitable tolling under either actual innocence or extraordinary circumstances. First, although Mr. Stovall argued he should be granted equitable tolling to prevent a fundamental miscarriage of justice, this only occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). The district court found that Mr. Stovall "provide[d] no specific allegations of new reliable evidence to support a credible claim of actual innocence." On appeal, Mr. Stovall does not appear to challenge the district court's ruling against him on actual innocence.

Second, although Mr. Stovall argued in the district court that he was prevented from timely filing because he was in lockdown for ten years and had no access to computer research or legal advice, he did not show how he "diligently pursued his claims between his resentencing date of May 6, 2004 and the time he filed his first postconviction motion on July 30, 2012." On appeal, he again asserts that the filing deadline should be tolled because he was on lockdown for ten years "without access to any legal assistance."

We have held that "insufficient access to relevant law . . . is not enough to support equitable tolling." *Gibson*, 232 F.3d at 808. Indeed, solitary confinement, on its own, is not enough to justify equitable tolling. Although "confinement in

6

administrative segregation may qualify as an extraordinary circumstance beyond [a prisoner's] control, . . . equitable tolling is justified only where the prisoner has shown that despite his segregated confinement he diligently pursued his habeas claims and his confinement prevented him from filing on time." *Green v. Kansas*, 190 F. App'x 682, 684–85 (10th Cir. 2006); *see also United States v. Buckaloo*, 257 F. App'x 88, 90 (10th Cir. 2007).

Mr. Stovall did not below or on appeal "allege with specificity 'the steps he took to diligently pursue his federal claims'" while in solitary confinement. *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (citation omitted). Therefore, the district court correctly found that Mr. Stovall did not show that he was entitled to equitable tolling based on exceptional circumstances.

Because Mr. Stovall did not file his federal habeas petition within the one-year statutory limitation period articulated in § 2244(d) and does not qualify for equitable tolling, the district court properly denied his petition.

## III.    CONCLUSION

Reasonable jurists could not debate whether the district court was correct to dismiss Mr. Stovall's habeas petition as untimely. Accordingly, we DENY Mr. Stovall's request for a COA and DISMISS this appeal. And because we agree with

7

the district court that this appeal was not taken in good faith, we DENY Mr. Stovall's request to proceed *in forma pauperis* on appeal.

ENTERED FOR THE COURT

Carolyn B. McHugh
Circuit Judge