FILED
United States Court of Appeals
Tenth Circuit

January 7, 2008

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DERRICK DEWAYNE PARKER,

Petitioner-Appellant,

v.

JUSTIN JONES, Director of D.O.C.,

Respondent-Appellee.

No. 07-6068
(D.C. No. CIV-06-1107-T)
(W. D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **HENRY**, Chief Judge, **TYMKOVICH** and **HOLMES**, Circuit Judges.

---

Petitioner-Appellant Derrick Dewayne Parker, an Oklahoma state prisoner

appearing pro se, seeks a certificate of appealability ("COA") in order to challenge the

district court's dismissal of his habeas petition as time-barred. Mr. Parker also seeks

leave to proceed in forma pauperis ("IFP"). We have jurisdiction under 28 U.S.C. §§

1291 and 2253(a). Reviewing Mr. Parker's filings liberally,[1] we hold that no reasonable

---

[*]    This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th CIR. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]    Because Mr. Parker is proceeding pro se, we review his pleadings and filings
(continued...)

jurist could conclude that the district court's dismissal on procedural grounds was incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We deny Mr. Parker's request for a COA, deny his request to proceed IFP, and dismiss his appeal.

## I. BACKGROUND

In 1996, a jury convicted Mr. Parker of drug trafficking. He was sentenced to fifteen years in prison and assessed a $25,000 fine. On direct appeal, on August 1, 1997, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction and the term of imprisonment, but reduced his fine. Mr. Parker twice sought post-conviction relief. He first applied on February 20, 1998. The court denied his application on March 10, 1998. Mr. Parker filed a second application for post-conviction relief on June 8, 1998, which was denied on June 25, 1998.

Mr. Parker filed his petition for habeas corpus on October 11, 2006. The district court authorized him to proceed IFP. In his petition, Mr. Parker objected to the failure of the Oklahoma Department of Corrections to award him certain prison credits. Mr. Parker described this objection as a challenge to the administration of his sentence. However, Mr. Parker's petition and related representations to the court revealed that the gravamen of his concern actually was the OCCA's alleged error in modifying his sentence. Specifically, Mr. Parker alleged that the OCCA erred in failing to remove his sentence, through application of the appropriate penalty-enhancement scheme, from the ambit of an

---

[1](...continued)
liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

Oklahoma statute that prevented convicted drug traffickers from earning prison credits (i.e., OKLA. STAT. tit. 63, § 2-415).  The respondent moved to dismiss Mr. Parker's petition arguing that Mr. Parker's action was time-barred and that it was legally untenable on the merits.

The magistrate judge recommended that the district court grant the respondent's motion to dismiss finding that Mr. Parker's petition was time-barred.  Initially, the magistrate judge recharacterized Mr. Parker's petition.  Although Mr. Parker invoked 28 U.S.C. § 2241 in filing his petition, the magistrate judge interpreted Mr. Parker's petition as mounting an attack on the validity of his judgment and sentence, rather than his sentence's execution.  Consequently, the magistrate judge recharacterized Mr. Parker's petition as one brought under 28 U.S.C. § 2254.

As for the limitations issue, even taking into account appropriate statutory tolling, the magistrate judge found that the petition was untimely filed.  Moreover, the magistrate judge found no basis to apply equitable tolling principles to Mr. Parker's petition as he had failed to demonstrate extraordinary circumstances that would explain his failure to timely file.

On March 12, 2007, Mr. Parker filed an objection to the magistrate judge's report and recommendation claiming that (a) he was entitled to equitable tolling of the one-year limitations period; and (b) at the time he was convicted, he was entitled to accrue prison credits.

The district court adopted the magistrate judge's recommendation finding that Mr.

3

Parker's petition was time-barred. At the outset, it agreed with the magistrate judge's recharacterization of Mr. Parker's petition, concluding that § 2254 was the appropriate statute. The district court then found that Mr. Parker had failed to demonstrate a basis for equitable tolling. Accordingly, it dismissed Mr. Parker's petition.

Mr. Parker timely filed a notice of appeal. The district court denied Mr. Parker's application to proceed on appeal IFP.

## II. DISCUSSION

To obtain the jurisdictionally prerequisite COA, Mr. Parker must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has clarified that where, as here, the district court denies a habeas petition on procedural grounds, a petitioner must show that reasonable jurists would find debatable both (1) whether the petition states a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further." *Id.*

Reviewing the district court's factual findings for clear error and its legal conclusions de novo, *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 3007 (2007), we conclude that Mr. Parker has failed to make the required showing for a COA.

4

As an initial matter, we address the district court's recharacterization of Mr.

Parker's petition. Mr. Parker invoked 28 U.S.C. § 2241 in filing his petition. The district

court concluded that the petition should have been brought under 28 U.S.C. § 2254 and

treated it as such. A § 2241 petition attacks the execution of a sentence and is filed in the

district where the petitioner is confined. *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir.

2000). A § 2254 petition, on the other hand, is "used to collaterally attack the validity of a

conviction and sentence." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir.

1997).

Notwithstanding his occasional references to his concerns about the execution of

his sentence, Mr. Parker's habeas challenge has consistently been directed at the legality

of his sentence. In particular, Mr. Parker has argued that the OCCA's modified sentence is

"illegal" because the OCCA failed to apply the appropriate penalty-enhancement scheme,

which resulted in his inability to earn prison credits. R., Doc. 10, at 1 (Pet. Reply Br., filed

Nov. 29, 2006, incorporated as an exhibit to Mr. Parker's COA application). Accordingly,

we conclude that the district court correctly recharacterized Mr. Parker's pleading as a §

2254 petition.[2]

---

[2]     Even if we were to reach a contrary conclusion and determine that Mr.
Parker had properly invoked § 2241, it would not alter the outcome of this case. Section
2241 petitions are governed by the same one-year statute of limitations as § 2254
petitions. *See*, *e.g.*, *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (applying the
§ 2244(d) one-year limitations period to a § 2254 habeas petition); *Burger v. Scott*, 317
F.3d 1133, 1138 (10th Cir. 2003) (applying the § 2244(d) one-year limitations period to a
§ 2241 habeas petition). And, as we demonstrate below, Mr. Parker's action is time-
barred under that limitations statute.

However, in undertaking this recharacterization, the district court erred. There is no indication in the record that the district court (or the magistrate judge) notified Mr. Parker of the consequences of recharacterizing his petition as one brought under § 2254 which would have allowed Mr. Parker to take any appropriate steps to protect his interests (e.g., withdrawing his petition or amending it to add additional claims). Our case law required the district court to provide such notice. *Davis v. Roberts*, 425 F.3d 830, 835 (10th Cir. 2005) (because the Antiterrorism and Effective Death Penalty Act "places strict limitations on second and successive claims . . . a district court must follow certain procedures before recharacterizing pro se pleadings as claims under §§ 2254 or 2255"); *see also Clark v. Bruce*, 159 Fed. App'x 853, 856 (10th Cir. 2005) ("[D]istrict courts may not convert a pro se litigant's § 2241 petition into one filed under § 2254 without first notifying the litigant of the consequences of such a change.").

We conclude, however, that the district court's error is harmless. As demonstrated below, at the point of recharacterization, Mr. Parker's petition was already a dead letter under the statute of limitations (i.e., time-barred). Accordingly, Mr. Parker could not have availed himself of any beneficial actions, even if he had received proper notice. *Id.* at 857 ("Nothing in the record . . . indicates that the district court followed the proper procedures before converting Mr. Clark's § 2241 petition into one filed under § 2254. . . . However, because . . . Mr. Clark's application . . . is time-barred . . . any error by the district court would be harmless."). *Cf. United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004) ("Notification of the recharacterization would not change the fact that the limitation period

6

for filing a § 2255 motion had long since passed.").

Congress has "established a one-year period of limitations for habeas petitions." *Hoggro v. Boone*, 150 F.3d 1223, 1225 (10th Cir. 1998) (citing 28 U.S.C. § 2244(d)(1)). The one-year limitations period generally starts running from "the date on which the [state court] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period is, however, tolled by "[t]he time during which a properly filed application for State post conviction relief . . . is pending." *Id*. § 2244(d)(2). Finally, the limitations period may also, in rare circumstances, "be subject to equitable tolling." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

The district court concluded, and we agree, that the one-year limitations period expired long before Mr. Parker filed his habeas petition. Mr. Parker's sentence became final on August 1, 1997, when the OCCA issued its decision affirming his conviction and modifying his sentence. Accordingly, the limitations period began to run on that date. The period was tolled ninety-seven days[3] by Mr. Parker's filing of two claims for state post-conviction relief. The limitations period consequently expired on November 9, 1998.

Mr. Parker argued below that he was entitled to equitable tolling because he was in lockdown from November 22, 1997 to December 29, 1997, and he had no access to a law

---

[3]    Mr. Parker's first application tolled the limitations period for forty-eight days – eighteen days between filing and denial, plus thirty days to file an appeal – and his second tolled the limitations period for forty-nine days – seventeen days between filing and denial, plus thirty-two days for an appeal (adding two days because the filing date fell on a Saturday, *see* Rule 1.5, Rules for the Oklahoma Court of Criminal Appeals (1998)).

7

library or legal assistance from January 1, 1998 to March 31, 1998, and for an unspecified period of time in June and July 1998. However, Mr. Parker offered no specifics regarding his alleged lack of access to legal materials or assistance. And, standing alone, it is beyond peradventure that such vague allegations will not justify equitably tolling the limitations period. *See Miller*, 141 F.3d at 978 (noting that petitioner "has provided no specificity regarding the alleged lack of access [to legal materials] and the steps he took to diligently pursue his federal claims").

Furthermore, as the district court noted, an unsworn statement of a former prison official that Mr. Parker used to support his argument actually indicated that the prison staff had taken meaningful steps to rectify the access problem. Mr. Parker's equitable-tolling argument also is undermined by the fact that he managed to file two applications for post-conviction relief during the periods when he allegedly lacked access to legal materials and assistance. In any event, the periods Mr. Parker has identified for equitable tolling (at most) amount to only a little more than six months; they could not possibly excuse his almost eight-year delay in filing his habeas petition. Therefore, like the district court, we conclude that Mr. Parker's habeas petition was untimely and time-barred.

Moreover, because Mr. Parker has failed to demonstrate the existence of "a reasoned, nonfrivolous argument on the law and the facts in support of the issues raised on appeal," *McIntosh v. U.S. Parol Comm'n*, 115 F.3d 809, 812-13 (10th Cir. 1997), we deny his request to proceed IFP.

Accordingly, we **DENY** Mr. Parker's IFP motion and his COA application, and we **DISMISS** this appeal.

Entered for the Court

Jerome A. Holmes
Circuit Judge