FILED
United States Court of Appeals
Tenth Circuit

**July 15, 2008**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DANIEL L. DILL,

        Petitioner - Appellant,

v.

RANDALL WORKMAN,

        Respondent - Appellee.

No. 08-5041
(D.C. No. 07-CV-00209-TCK-FHM)
(N.D. Okla.)

---

**ORDER
DENYING CERTIFICATE OF APPEALABILITY**

---

Before **TACHA**, **KELLY**, and **McCONNELL**, Circuit Judges.

---

Petitioner Daniel Dill, a state prisoner proceeding pro se, seeks a certificate

of appealability ("COA") to appeal the district court's denial of his 28 U.S.C.

§ 2254 habeas petition. We deny his request for a COA and dismiss the appeal.[1]

On October 29, 2003, Mr. Dill was convicted by a jury in Oklahoma state

---

[1] We considered this case for summary disposition based on an apparently untimely notice of appeal. Notwithstanding Mr. Dill's untimely notice of appeal and initial failure to comply with Fed. R. App. P. 4(c)(1), we now conclude that we have jurisdiction. In his response, Mr. Dill verified that prior to the appellate filing deadline, he placed his notice of appeal in a sealed envelope, addressed it to the court, paid for first-class postage, and gave it to prison officials. He also attached to his response a copy of the inmate mail log which corroborates his statement, and a declaration under penalty of perjury that his notice of appeal was in compliance with Fed. R. App. P. 4(c)(1). See 28 U.S.C. § 1746; United States v. Ceballos-Martinez, 387 F.3d 1140, 1143 (10th Cir. 2004).

court on five felony counts.  The Oklahoma Court of Criminal Appeals ("OCCA") affirmed his conviction on January 4, 2005.  Mr. Dill did not seek a writ of certiorari with the United States Supreme Court.  On March 23, 2006, he applied for post-conviction relief in state district court.  See Moore v. Gibson, 27 P.3d 483, 484 n.1 (Okla. Crim. App. 2001) (explaining that "an application for post-conviction relief in a non-capital case is always deemed to be timely filed" because there are no applicable time limitations).  The motion was denied and that decision was affirmed by the OCCA on February 21, 2007.

On April 4, 2007, Mr. Dill submitted his federal habeas petition to prison officials for mailing, and it was filed on April 16, 2007.  The district court determined that the petition was time-barred under the one-year limitations period in 28 U.S.C. § 2244(d), and that equitable tolling did not apply.  As the district court dismissed the habeas petition on procedural grounds, we may issue a COA only if Mr. Dill makes a substantial showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000); see 28 U.S.C. § 2253(c)(2).

The one-year limitations period for filing a federal habeas petition runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

- 2 -

§ 2244(d)(1)(A). A conviction is "final" (and the one-year limitations period begins to run) when, "following a decision by the state court of last resort . . . the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed." Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) (internal quotation marks omitted). A petition for certiorari is timely when filed within 90 days of entry of the state court judgment. See Sup. Ct. R. 13(1). The OCCA affirmed Mr. Dill's conviction on January 4, 2005 and he did not file a petition for certiorari with the Supreme Court. Therefore, his conviction became final on April 4, 2005, after the 90-day time period for filing a petition for a writ of certiorari had passed.

On March 23, 2006, 12 days prior to the expiration of the limitations period, Mr. Dill filed an application for post-conviction relief in state district court, which stopped the limitations clock until February 21, 2007, when the Oklahoma courts completed review of his application. Accordingly, he had until March 5, 2007, or 12 days after February 21, to timely file his federal habeas petition. His application, provided to prison officials on April 4, 2007 and filed on April 16, 2007, was untimely.

Mr. Dill argues that his conviction did not become final until May 9, 2005,

90 days after his motion to proceed pro se on direct appeal was denied as moot.[2]

If he were correct, the limitations period, accounting for the period tolled while he pursued state post-conviction relief, would have expired on April 10, 2007, making the federal petition, provided to prison officials on April 4, 2007 for mailing, timely. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 276 (1988). However, he is not correct. Notwithstanding an outstanding motion to proceed pro se,[3] his conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on April 4, 2005 because that is when the 90-day time period for filing a petition for writ of certiorari with the Supreme Court from the OCCA's January 4, 2005 judgment had passed. See Locke, 237 F.3d at 1273; Rhine v. Boone, 182 F.3d 1153, 1155 (10th Cir. 1999). Mr. Dill's motion to proceed pro se did not affect the finality of his conviction for purposes of § 2244(d)(1)(A); it

---

[2] Under OCCA rules, an incarcerated defendant desiring to proceed pro se in a direct criminal appeal must file that request in the state district court in the district in which he is incarcerated. See Okla. Stat. tit. 22, ch. 18, § I, Rule 1.16. Mr. Dill's request, filed in the Greer County district court, was ultimately denied as moot on February 8, 2005. R. Doc. 15, Ex. 3 at 1.

[3] The record suggests that there was some confusion among the Oklahoma courts regarding Mr. Dill's request to proceed pro se on direct appeal. Although he mailed his request to the Greer County district court on September 8, 2004, R. Doc. 15, Ex. 3 at 1, that court returned his materials on September 14, 2004, and suggested that he file his request in the Tulsa County district court, the district in which he was convicted, R. Doc. 4, Ex. L. Mr. Dill claims he immediately re-filed his request in Greer County and notified the court of its error, however the request was not docketed until January 21, 2005, after the OCCA affirmed his conviction. R. Doc. 15, Ex. 3 at 1. Given the confusion on the Oklahoma courts' part, we give Mr. Dill the benefit of the doubt that his request was properly and timely filed.

- 4 -

is OCCA's January 4, 2005 judgment which furnishes the predicate of his habeas claims. Cf. Williams v. Beck, 115 F. App'x 32, 33 (10th Cir. 2004) (unpublished) (cited for its persuasiveness, not its precedential value).

Mr. Dill argues that, despite the untimeliness of his petition, the one-year limitations period should be equitably tolled. Equitable tolling is only available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Mr. Dill first argues that the limitations period should have been tolled because the Oklahoma courts deliberately delayed deciding his properly filed request to proceed pro se on direct appeal; he claims the Oklahoma courts lulled him into sitting on his rights. However, as already discussed, the disposition of that motion is irrelevant to the calculation of the federal habeas limitations period and thus the delay in deciding that motion does not qualify for equitable tolling.

He also argues that the limitations period should be tolled for 74 days because a prison lock down that occurred between July 10, 2005 and September 22, 2005 prevented him from accessing the prison law library. The prison lock down does not qualify as extraordinary and, in any event, he does not explain his delay in filing his petition after the lock down ended. Accordingly, he cannot meet the diligence requirement of equitable tolling.

Petitioner's request for a COA is DENIED and his appeal is DISMISSED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge