**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOSHUA W. PHARES,

      Petitioner–Appellant,

v.

JUSTIN JONES, Director,

      Respondent–Appellee.

No. 12-6085
(D.C. No. 5:11-CV-01480-C)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Joshua Phares, a state prisoner proceeding pro se, seeks to appeal from a district court order denying his petition for a writ of habeas corpus. We deny a certificate of appealablity ("COA") and dismiss this appeal.

_____

* This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I

Phares was sentenced to life imprisonment on January 30, 2009. Because he did not file a direct appeal, his sentence became final on February 9, 2009. See Clark v. Oklahoma, 468 F.3d 711, 713 (10th Cir. 2006); Okla. Stat. tit. 22, Ch. 18, App., R. 2.5(A). Phares did not submit the instant petition seeking federal habeas relief, however, until December 14, 2011. Concluding that Phares' petition was filed out of time, the district court denied relief.

## II

We may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Because Phares filed his habeas petition well after the limitations period expired on February 10, 2010, it is untimely. See 28 U.S.C. § 2244(d)(1)(A) (imposing a one-year limitations period that begins to run on "the date on which the judgment became

- 2 -

final by the conclusion of direct review or the expiration of the time for seeking such review"). Nevertheless, he may be eligible for equitable tolling if he demonstrates that "he has been pursuing his rights diligently," and that "some extraordinary circumstance stood in the way" of a timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Upon examining the record, we agree with the district court that Phares has not met his burden to qualify for this "rare remedy." Wallace v. Kato, 549 U.S. 384, 396 (2007).

Phares provides the following explanations for his delay: He experienced a head injury in July 2009, was confined in administrative segregation between August and December 2009, and the correctional facility in which he was housed was on lockdown from December 2009 until March 2010. However, Phares' medical records indicate that any mental incapacitation from his injury persisted for less than a day. The mere fact of a prison lockdown, moreover, does not qualify as extraordinary absent some additional showing that the circumstances prevented him from timely filing his habeas petition. See, e.g., Dill v. Workman, 288 F. App'x 454, 457 (10th Cir. 2008) (unpublished); Parker v. Jones, 260 F. App'x 81, 85 (10th Cir. 2008) (unpublished); Gifford v. Everett, 28 F. App'x 748, 751 (10th Cir. 2001) (unpublished). Likewise, we consider a prisoner's confinement in administrative segregation to be an extraordinary circumstance "only where the prisoner has shown that despite his segregated confinement he diligently pursued his habeas claims and his confinement prevented him from filing on time." See Green v. Kansas, 190 F. App'x 682, 685 (10th Cir. 2006) (unpublished).

- 3 -

Phares has offered no evidence or allegation[1] that he took action on his petition during the six months between August 2009 and the running of his limitations period in February 2010. Furthermore, Phares has not provided any explanation for the approximately twenty-month delay that occurred after the lockdown was lifted.

**III**

We **DENY** COA and **DISMISS** this appeal. We **GRANT** Phares' motion to proceed in forma pauperis.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] Phares requested assistance from the Clerk of the United States District Court, Western District of Oklahoma in July 2009, and claims to have asked a prison attorney for help via a "Request to Staff" submitted at some unspecified time.