**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 20, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

FRANCIS B. ARMAH,

     Petitioner - Appellant,

v.

JANET DOWLING,

     Respondent - Appellee.

No. 21-5071
(D.C. No. 4:21-CV-00011-CVE-CDL)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MATHESON**, **BRISCOE**, and **PHILLIPS**, Circuit Judges.
_____

Petitioner Francis Armah, an Oklahoma state prisoner appearing pro se, requests a certificate of appealability (COA) so that he may appeal the district court's order dismissing his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 as untimely. Because Armah has failed to satisfy the standards for issuance of a COA, we deny his request and dismiss the matter.

I

Armah was convicted in Oklahoma state court of three counts of first degree rape, and one count each of forcible sodomy, rape by instrumentation, and larceny

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

from a house.  Armah was sentenced to life without the possibility of parole on the first degree rape charges, life imprisonment on the forcible sodomy charge, 20 years' imprisonment on the rape by instrumentation charge, and four years' imprisonment on the larceny from a house charge.  The Oklahoma Court of Criminal Appeals (OCCA) affirmed the judgment and sentence on April 28, 2017.  Armah did not file a petition for writ of certiorari in the United States Supreme Court.

On March 28, 2018, Armah filed an application for postconviction relief in state court.  The state district court denied the application on July 9, 2018.  While Armah filed a motion requesting leave to file a reply and a notice of appeal on July 19, 2018, he did not perfect a timely appeal.

On July 15, 2019, Armah filed a second application for postconviction relief in state court which requested a recommendation for a postconviction appeal out-of-time on his prior application.  He asserted he did not appeal the denial of his first application due to the court's failure to send a certified copy of its order, lockdowns in prison, limited access to the prison's law clerk, and a stay in the segregated housing unit due to a violation of prison rules.  The state court denied this second application on September 17, 2019, determining that Armah did not show he was denied his postconviction appeal through no fault of his own.  Again, Armah did not perfect a timely appeal.

On January 3, 2020, Armah filed a third application for postconviction relief in state court, asserting similar arguments regarding his failure to file a timely appeal. The state court denied this third application on April 5, 2020, again determining that

Armah failed to show he was denied his postconviction appeal through no fault of his own. This time, Armah appealed to the OCCA, which on August 21, 2020, affirmed denial of his third application.

On January 7, 2021, Armah initiated these federal habeas proceedings by filing a pro se petition for writ of habeas corpus and supporting materials. The district court granted respondent Janet Dowling's motion to dismiss the petition as barred by the statute of limitations, dismissed the petition with prejudice, and denied a certificate of appealability. Armah appealed the district court's decision and requested a certificate of appealability.

## II

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). "Federal law requires that he first obtain a COA from a circuit justice or judge." *Id*. (citing 28 U.S.C. § 2253(c)(1)). To obtain a COA, a state prisoner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the prisoner to "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (alteration in original) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). In other words, the prisoner must show that the district court's resolution of the claims was "debatable or wrong." *Slack*, 529 U.S. at 484. When a district court

3

dismisses a Section 2254 claim on procedural grounds, a petitioner is entitled to a COA only if he shows both that reasonable jurists would find it debatable whether he had stated a valid constitutional claim and debatable whether the district court's procedural ruling was correct. *Id*. at 484–85.

### III

Armah is not entitled to a COA because reasonable jurists could not debate that his petition was timely. Armah had one year to file his federal petition from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). He does not argue a different triggering date applies. The limitations period was tolled while Armah's state postconviction applications were pending. *See* 28 U.S.C. § 2244(d)(2).

Armah's conviction became final, and the limitations period began running, on July 28, 2017, after his ninety-day deadline to file a petition for writ of certiorari to the Supreme Court on direct review expired. *See* Sup. Ct. R. 13. The limitations period continued to run until Armah filed his first state application for postconviction relief, on March 28, 2018, a total of 243 days. The limitations period remained tolled until Armah's first application for postconviction relief was no longer pending—when the deadline to perfect an appeal expired. As this deadline was thirty days after the state district court denied the application on July 9, 2018, see Okla. Stat. tit. 22 § 1087, the limitations period resumed running on August 8, 2018. As 243 days had already run, Armah had 122 days left. Armah's one year to file a federal petition

therefore expired on December 7, 2018.  As Armah filed his other state applications for postconviction relief after that time, they could not toll the limitations period.

Armah argues he is entitled to equitable tolling because he was not given a certified copy of his judgment and at various points, he had limited access to the prison law library, the inmate legal research assistant, and his legal materials.  These arguments are not persuasive.  Equitable tolling applies only if (1) a petitioner diligently pursues federal claims and (2) extraordinary circumstances prevent the petitioner from filing a timely petition.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).

As to any events occurring after December 7, 2018, at that time the statute of limitations had run, and tolling could not apply to extend the limitations period.  As to events occurring before the limitations period ran, reasonable jurists could not disagree that any circumstances preventing Armah from making a timely filing were ordinary.  Generally, limited access to resources like legal assistance or legal materials are an ordinary part of prison life and do not constitute extraordinary circumstances.  *See, e.g.*, *Dill v. Workman*, 288 F. App'x 454, 457 (10th Cir. 2008) (unpublished).[1]  And even assuming that an extended lockdown or the failure to receive a certified copy of the state district court's order impeded Armah's ability to timely perfect an appeal or file his federal petition, reasonable jurists could not disagree that the record demonstrates a lack of diligence.  Armah did not request

---

[1] While not binding, this case is cited for its persuasive value.  *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

leave to file an appeal out-of-time or file his second state application until nearly a year after the district court denied his first application.  Moreover, in the two years prior to filing the instant petition, Armah filed two separate state applications for postconviction relief but did not file a federal petition, demonstrating that he had the ability to file legal claims well before filing the instant federal petition.

The application for COA is therefore DENIED and the matter is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge