**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 17, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MICHAEL AMIR HALL,

     Petitioner - Appellant,

v.

MICHAEL MILLER, Warden; ALLEN
GAMBLE CORRECTIONAL,

     Respondents - Appellees.

No. 26-6034
(D.C. No. 5:25-CV-00518-JD)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **FEDERICO**, Circuit Judges.
_____

Michael Amir Hall proceeds pro se to request a certificate of appealability (COA) to appeal the district court's order dismissing his 28 U.S.C. § 2254 petition as time-barred.[1] He also requests to proceed in forma pauperis (IFP). Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we grant Hall's IFP motion, deny a COA, and dismiss this matter.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

[1] Because Hall proceeds pro se, we liberally construe his arguments but do not act as his advocate. *See Greer v. Moon*, 83 F.4th 1283, 1292 (10th Cir. 2023).

## BACKGROUND

On May 12, 2022, Michael Amir Hall was convicted in Oklahoma state court of aggravated trafficking in illegal drugs and unlawful possession of a controlled substance with intent to distribute.[2] The court sentenced him to twenty years' imprisonment for the trafficking count and five years' imprisonment for the possession count. The court agreed to run Hall's sentences concurrently and award him credit for time served. He appealed his convictions to the Oklahoma Court of Criminal Appeals, which affirmed on September 7, 2023.

About two years later, on May 21, 2024, Hall filed an application in Oklahoma state court for postconviction relief. The state court denied relief, and Hall's appeal was unsuccessful.

On April 21, 2025, Hall filed his 28 U.S.C. § 2254 petition for a writ of habeas corpus in the Western District of Oklahoma. In response to an order to cure deficiencies, he filed an amended petition on June 2, 2025. He raised two purportedly distinct grounds for relief: he never had a lawful probable-cause hearing, and no probable-cause hearing ever happened.

---

[2] Hall's federal petition says he was convicted in 2019. R. at 19. But the attachment to his original petition says it was on May 12, 2022. *Id.* at 8. The federal magistrate judge below took judicial notice of the Oklahoma state court docket, which shows that he was convicted on May 12, 2022. *Id.* at 38. Because "courts can take judicial notice of court records in related proceedings," we use May 12, 2022, rather than the date on his petition. *Fuqua v. Santa Fe Cnty. Sheriff's Off.*, 157 F.4th 1288, 1298 (10th Cir. 2025).

2

A magistrate judge recommended that Hall's petition be denied as untimely. Though Hall timely objected, the district court accepted the recommendation and dismissed his petition with prejudice. *Hall v. Miller*, No. CIV-25-00518, 2025 WL 2630738, at *1–2 (W.D. Okla. Sept. 12, 2025). The court reasoned that Hall's objections to the magistrate's recommendations were conclusory and unspecific, so under the firm-waiver rule, he didn't preserve any issue for review. It also held that Hall didn't timely file his habeas petition, and that equitable tolling didn't apply. So the court dismissed his petition with prejudice and denied a COA. After unsuccessfully moving for reconsideration, Hall timely appealed.

## DISCUSSION

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 580 U.S. 100, 115 (2017). Rather, the prisoner must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A). A COA is a jurisdictional prerequisite to appellate review. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

We will not grant a COA unless Hall makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied Hall's habeas petition on procedural grounds without reaching the merits of his constitutional claims, he must show both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," and (2) "that jurists of reason would find it debatable

3

whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We can address either requirement and, if one is not met, we need not address the other. *Id.* at 485.

The district court denied Hall's habeas petition under the firm-waiver rule and for untimeliness. The court reasoned that Hall's objections were "conclusory," and that the magistrate judge correctly determined that Hall's petition was untimely and that equitable tolling didn't apply. *Hall*, 2025 WL 2630738, at *1–2. Hall didn't file his § 2254 petition until April 21, 2025.

On appeal, Hall raises two issues. First, he argues that the district court erred by treating his objections as insufficiently specific. Second, he argues that his federal habeas deadline should have been equitably tolled because a prison lockdown prevented timely filing of his habeas petition.

Neither argument would give reasonable jurists reason to debate whether the district court's procedural ruling was correct. *See Slack*, 529 U.S. at 484.

## I.    Certificate of Appealability

### A.    Firm-Waiver Rule

To avoid our "firm waiver rule," "a party's objections to a magistrate judge's report and recommendation must be both timely and specific." *Coomer v. Make Your Life Epic, LLC*, 140 F.4th 1269, 1277 (10th Cir. 2025) (citation modified). "This means the objection must be sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *Id.* (citation modified). But the firm-waiver rule has two exceptions:

(1) when a pro se litigant "has not been informed of the time period for objecting and the consequences of failing to object," or (2) when "the interests of justice require review." *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005) (citation modified). For the interests-of-justice exception, we consider "a pro se litigant's effort to comply, the force and plausibility of the explanation for his failure to comply, and the importance of the issues raised." *Id.* at 1220.

Hall argues that the interest-of-justice exception applies because the "alleged delay [was] only seven days" and because he "attempted to challenge the timeliness ruling in the district court." Open. Br. at 6.

We've analogized the interest-of-justice exception to plain-error review. *See Morales-Fernandez*, 418 F.3d at 1120; *United States v. B.N.M.*, 107 F.4th 1152, 1169 (10th Cir. 2024). To show plain error, Hall would need to show (1) error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Duffield v. Jackson*, 545 F.3d 1234, 1238 (10th Cir. 2008).

Hall does not show error, much less error that is plain. Hall's argument for the interest-of-justice exception relies on the timeliness of his habeas petition and his attempts to challenge the magistrate's untimeliness recommendation. Those reasons are about the habeas petition and its timeliness, not about the objections he raised to the magistrate's report and recommendations. Thus, Hall doesn't show how the district court erred by

5

failing to consider his objections, which were about Hall's own failure to exhaust his state-court remedies and raising new grounds for relief in his habeas petition. So we are not persuaded that the interest of justice warrants considering his objections. *See B.N.M.*, 107 F.4th at 1152 ("[I]f a litigant fails to make this [plain-error] showing, the firm-waiver rule ordinarily bars our consideration of the waived issue.").

But even if the interest-of-justice exception applied, Hall doesn't get around the more fundamental problem that his objections were vague and hard to follow, even when construed liberally. As the district court concluded, the objections were not "sufficiently specific to focus the district court's attention." *Coomer*, 140 F.4th at 1277; *see* Hall, 2025 WL 2630738, at *1. In other words, Hall argues that the firm-waiver rule doesn't apply but doesn't challenge the district court's reason for applying it. Thus, Hall doesn't explain his failure to comply with the firm-waiver rule. *See Morales-Fernandez*, 418 F.3d at 1220. So his argument would not give a reasonable jurist reason to debate whether the district court's procedural ruling was correct. *See Slack*, 529 U.S. at 484.

### B.    Equitable Tolling

Hall also argues that equitable tolling applies, meaning that reasonable jurists could debate whether Hall's petition was seven days late. He argues that a prison lockdown beginning around March 29, 2025, limited his access to a law library and legal materials, and delayed mail pickup and processing.

6

Because Hall's firm-waiver argument does not persuade us to grant a COA and the district court adopted the magistrate judge's recommendations for two alternative reasons—firm waiver and the statute of limitations—we need not address this second argument. Nevertheless, because Hall is proceeding pro se, we exercise our discretion to address his second argument. *See Miller v. Legacy Bank*, 2024 WL 5154002, at *2 (10th Cir. 2024) (stating that, "[i]n consideration of a pro se litigant, . . . we exercise our discretion to briefly address" other arguments).

Typically, 28 U.S.C. § 2254 petitions "must be filed within one year after a state judgment becomes final either by the conclusion of direct review or the expiration of time for seeking direct review." *Al-Yousif v. Trani*, 779 F.3d 1173, 1177 (10th Cir. 2015). Equitable tolling can extend the limitations period if an applicant "shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013) (citation omitted).

Hall's argument fails on both fronts. First, he does not show that he was diligently pursuing his rights. Hall's one-year statute of limitations began on December 7, 2023, ninety days after the Oklahoma Court of Criminal Appeals affirmed his conviction and sentence. The statute of limitations tolled while Hall's petitions for postconviction relief were pending in state court, but it resumed on September 24, 2024. At that point, Hall had 202 days left to file a § 2254 petition. He could have filed at any point during that period. The prison

lockdown didn't begin until March 29, 2025. So Hall does not show that he diligently pursued his rights.

Second, Hall doesn't show that "some extraordinary circumstance stood in his way and prevented timely filing." *Id.*, 569 U.S. at 391 (citation omitted). We've previously held that a prison lockdown didn't qualify as an extraordinary circumstance warranting equitable tolling. *Dill v. Workman*, 288 F. App'x 454, 457 (10th Cir. 2008). We've also held that "vague allegations" about "alleged lack of access to legal materials or assistance" during a prison lockdown did not justify equitable tolling. *Parker v. Jones*, 260 F. App'x 81, 85 (10th Cir. 2008); *see also Phares v. Jones*, 470 F. App'x 718, 719 (10th Cir. 2012) (holding that "[t]he mere fact of a prison lockdown . . . does not qualify as extraordinary absent some additional showing that the circumstances prevented" timely filing). Though we do not doubt the hardship of a prison lockdown, Hall provides no convincing reason to depart from our earlier holdings.

Thus, because Hall does not show that he is entitled to equitable tolling, reasonable jurists would not debate whether the district court's procedural ruling was correct. *See Slack*, 529 U.S. at 484.

## II.    IFP Motion

Hall also seeks to proceed IFP. To proceed IFP on appeal, he "must comply with the filing requirements" and show "a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on

8

the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (citation modified). Hall meets his burden. He shows no assets or income. And though his arguments are not persuasive, they are not frivolous. So we grant his request to proceed IFP.

## CONCLUSION

We deny Hall's request for a COA, grant his IFP Motion, and dismiss this matter.

Entered for the Court

Gregory A. Phillips
Circuit Judge