**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 14, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CORDERO ROSALES SANDOVAL,

Petitioner-Appellant,

v.

JUSTIN JONES, Director,

Respondent-Appellee.

No. 11-5022
(D.C. No. 4:09-CV-00599-GKF-TLW)
(N.D. Okla.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[1]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.

Cordero Sandoval, an Oklahoma state prisoner proceeding pro se,[1] seeks a

certificate of appealability ("COA") to challenge the district court's denial of his

application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Mr.

---

[1]      This Order is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel.  It may be cited, however,
for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1
and Tenth Circuit Rule 32.1.

        After examining the appellate record, this three-judge panel determined
unanimously that oral argument would not be of material assistance in the
determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument.

[1]      Because Mr. Sandoval is proceeding pro se, we construe his filings
liberally.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Van
Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

Sandoval has also filed a motion to proceed *in forma pauperis* on appeal. Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. Sandoval's application for a COA and dismiss his appeal. We also deny his motion to proceed *in forma pauperis*.

## BACKGROUND

Mr. Sandoval was convicted by an Oklahoma state-court jury of two counts of First Degree Felony Murder, and on August 24, 2006, was sentenced to two consecutive life sentences. Mr. Sandoval appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed his conviction on July 13, 2007. No appeal was taken to the United State Supreme Court.

On June 23, 2008, Mr. Sandoval filed an application for post-conviction relief with the state district court, which was denied on August 1, 2008. Mr. Sandoval appealed to the OCCA. A little more than a month later, on September 8, 2008, the OCCA affirmed the district court's denial of post-conviction relief.

Mr. Sandoval then instigated the present federal habeas proceedings by filing an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the United States District Court for the Northern District of Oklahoma on September 11, 2009—more than a year after the state courts had denied him relief. The district court, in a thorough opinion and order, dismissed the petition as time barred under 28 U.S.C. § 2244(d)(1), and denied Mr. Sandoval a COA. *See* R. at 60–66 (*Sandoval v. Jones*, No. 4:09-CV-00599-GKF-TLW, 2011 WL

2

577118 (N.D. Okla. Feb. 8, 2011)).  Mr. Sandoval now seeks leave from this court to challenge the district court's dismissal of his application.

## STANDARD OF REVIEW

A COA is a jurisdictional prerequisite to this court's review of a habeas application.  28 U.S.C. § 2253(c)(1)(A); *accord Williams v. Jones*, 571 F.3d 1086, 1088 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 3385 (2010).  "We will issue a COA 'only if the applicant has made a substantial showing of the denial of a constitutional right.'"  *Allen v. Zavaras*, 568 F.3d 1197, 1199 (10th Cir. 2009) (quoting 28 U.S.C. § 2253(c)(2)).  Under this standard, "the applicant must show 'that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'"  *United States v. Taylor*, 454 F.3d 1075, 1078 (10th Cir. 2006) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  In other words, "the applicant must show that the district court's resolution of the constitutional claim was either 'debatable or wrong.'"  *Id.* (quoting *Slack*, 529 U.S. at 484).  Our "inquiry does not require [a] full consideration of the factual or legal bases adduced in support of the claims," but rather "an overview of the claims" and "a general assessment of their merits."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

3

## DISCUSSION

Before this court, Mr. Sandoval seeks a COA to renew the constitutional claims he made below.[2]  He maintains that the district court erred in dismissing his petition as untimely.  Mr. Sandoval does not dispute that the statute of limitations for filing his petition "expired" "on December 27, 2008," and that "[t]his instant petition was not . . . filed until September 11, 2009."[3]  Aplt. Opening Br. for Appl. for COA at 2.[4]  Nevertheless, he avers that he "is entitled

---

[2]     In his habeas petition, Mr. Sandoval alleged that he received ineffective assistance of both trial and appellate counsel, in violation of the Sixth and Fourteenth Amendments, and that he was denied a fair trial based on the trial judge's alleged bias against him, in violation of his Fourteenth Amendment Due Process rights.

[3]     Mr. Sandoval's judgment became final on October 11, 2007, ninety days after the OCCA concluded its direct review of his conviction.  *See Harris v. Dinwiddie*, — F.3d —, 2011 WL 1591814, at *3 n.6 (10th Cir. Apr. 28, 2011) ("Harris' conviction became final . . . when the ninety-day time period for filing a certiorari petition with the United States Supreme Court expired.").  As a result, Mr. Sandoval's petition was initially due on October 11, 2008 (although, as a practical matter it would have been due on October 14, 2008, as October 11 was a Saturday and the following Monday, October 13, was Columbus Day).  *See United States v. Hurst*, 322 F.3d 1256, 1259–62 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) when calculating AEDPA deadlines).  However, on June 23, 2008, Mr. Sandoval filed his application for post-conviction relief in the state courts, thereby tolling his AEDPA statute of limitations.  28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.").  Mr. Sandoval's application was pending in state courts for seventy-seven days (until September 8, 2008), and that time was added to his original due date of October 11, 2008, yielding a final deadline of December 27, 2008.

[4]     Mr. Sandoval appended a type-written opening brief—cited

(continued...)

4

to equitable tolling under the 'Exceptional Circumstances' [theory]." *Id.* We do not agree.

Section 2244(d)(1) requires state prisoners to file their federal habeas petition within one year of—as is relevant here—"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Section 2244(d) is not jurisdictional, however, and its limitation is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2560, 2562 (2010); *see also United States v. Begay*, 631 F.3d 1168, 1172 n.3 (10th Cir. 2011) ("In *Holland*, the Supreme Court held that the statute of limitations on habeas petitions in 28 U.S.C. § 2244(d) is subject to equitable tolling."). In those "rare and exceptional circumstances" in which this equitable doctrine is found to apply, a court will consider the merits of an otherwise-untimely filed petition. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)) (internal quotation marks omitted).

"Generally, equitable tolling requires a litigant to establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way [that prevented him from timely

---

[4](...continued)
above—to the generic court form, styled "Appellant's Combined Opening Brief and Application for a Certificate of Appelability." In completing the court form, Mr. Sandoval referenced the arguments in his opening brief.

filing his habeas petition].'" *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[T]his equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.") The petitioner's burden in these situations is a heavy one: he must "show specific facts to support his claim of extraordinary circumstances and due diligence." *Yang*, 525 F.3d at 928 (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)) (internal quotation marks omitted); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (dismissing petitioner's equitable-tolling claim because he "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").

The district court rejected Mr. Sandoval's equitable-tolling arguments, concluding that "Petitioner ha[d] not demonstrated that he pursued his claims diligently; nor ha[d] he met the burden of pleading 'rare and exceptional circumstances' sufficient to warrant equitable tolling." R. at 63 (quoting *Gibson*, 232 F.3d at 808). Reasonable jurists could not disagree with this conclusion. Even now before this court, Mr. Sandoval offers little more than a vague reference to "the prison [being] on . . . lockdown," Aplt. Opening Br. for Appl. for COA at 2–3, as explanation for the "extraordinary circumstance [that] stood in his way," *Yang*, 525 F.3d at 928. As he did before the district court, he speaks

6

with no detail as to the date of the alleged lockdown or its length, and how this might excuse the nearly eight-month delay in his habeas filing. This is simply not enough to carry his burden in this situation. *See Miller*, 141 F.3d at 978 (rejecting a habeas petitioner's request for equitable tolling based on a lack of specificity). "Equitable tolling is a rare remedy," and Mr. Sandoval has done next to nothing to show that his situation presents the kind of "unusual circumstances" that would warrant granting relief. *Wallace v. Kato*, 549 U.S. 384, 396 (2007).[5]

---

[5]    Before the district court, Mr. Sandoval raised three additional bases for equitably tolling § 2244(d)'s one-year limitation period: (1) "his lack of access to legal resources," (2) "his lack of legal knowledge," and (3) his "medical disability" (depression). R. at 64. In his filings with this court, however, Mr. Sandoval does not renew these claims. Instead, he simply states that he "explained the circumstances beyond [his] control" during "habeas review." Aplt. Opening Br. for Appl. for COA at 2.

Insofar as this could be read as an attempt to incorporate the three arguments by reference, this practice is generally disfavored in this circuit. *See* 10th Cir. R. 28.4 ("Incorporating by reference portions of lower court or agency briefs or pleadings is disapproved."); *see also Wardell v. Duncan*, 470 F.3d 954, 963–64 (10th Cir. 2006) (holding that the appellant could not incorporate district court filings into his appellate brief by reference, and that his "pro se status d[id] not except him from such established rules"); *Gaines–Tabb v. ICI Explosives, USA, Inc.*, 160 F.3d 613, 623–24 (10th Cir. 1998) ("Like other circuit courts, we do not consider [incorporation by reference] acceptable argument."). "In the context of our consideration of Mr. [Sandoval's] COA application, . . . we perceive no good cause for treating this general disapproval as anything less than an outright prohibition." *Argota v. Miller*, No. 10-6251, 2011 WL 2133690, at *2 (10th Cir. May 31, 2011).

In an abundance of caution, however, we have reviewed the merits of his

(continued...)

7

We recognize, of course, that § 2244(d)'s procedural bar does not extend to preclude this court from entertaining claims of actual innocence. *See Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) ("Where . . . a petitioner argues that he is entitled to equitable tolling because he is actually innocent, . . . the petitioner need make no showing of cause for the delay."); *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) ("A claim of actual innocence may toll the AEDPA statute of limitations."). As he did below, Mr. Sandoval claims to be "actually innocent" of the crime of conviction. *Compare* R. at 65 ("[T]he Court recognizes that Petitioner claims to be actually innocent of the crime for which he was convicted."), *with* Aplt. Opening Br. for Appl. for COA at 3 ("Petitioner in this case has proclaimed innocence to the two . . . murders that petitioner was convicted of committing."). Nevertheless, the mere claim of actual innocence is not itself sufficient to toll § 2244(d)'s limitations period; rather, the petitioner must present a *colorable claim* of actual innocence. *See Lopez*, 628 F.3d at 1230–31 ("[A] *sufficiently supported* claim of actual innocence creates an exception to procedural barriers for bringing constitutional claims, regardless of

---

[5](...continued)
additional arguments. We agree with the district court's disposition of these claims for substantially the same reasons laid out in its opinion and order—*viz.*, that his conclusory statements about lack of legal resources and his medical disability are not enough to support application of the equitable-tolling remedy, and that "his lack of legal knowledge is insufficient to demonstrate entitlement to [this relief]." R. at 64.

8

whether the petitioner demonstrated cause for the failure to bring these claims forward earlier." (emphasis added)); *see also Weibley v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002) ("Weibley's final argument—that he is actually innocent—fails because he does not make a colorable claim of actual innocence. Weibley makes only conclusory allegations regarding his innocence and provides no analysis or specific facts to warrant equitable tolling.").

To raise a "colorable claim of actual innocence," a petitioner must "support his allegations . . . with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 322, 324 (1995). The evidence must be of such quality and nature that it makes it "more likely than not that no reasonable juror would have convicted [the defendant] in the light of the new evidence." *Id.* at 327.

Reasonable jurists could not disagree with the district court's conclusion that Mr. Sandoval has failed to identify any such evidence in this case. Mr. Sandoval does not specify any new evidence when making his actual-innocence argument in favor of equitable tolling. Mr. Sandoval identifies a police officer whom he believes would testify that his "co-defendant . . . admitted to murdering both victim's [sic] in this case," thereby purportedly proving his innocence.

9

Aplt. Opening Br. for Appl. for COA at 4.[6] But Mr. Sandoval was not convicted of first-degree murder; he was convicted of first-degree *felony* murder. *See* R. at 36 (*Sandoval v. State*, No. PC-2008-780 (Okla. Crim. App. Sept. 8, 2008)). The latter does not require that Mr. Sandoval himself commit the murder; instead, under Oklahoma law, all that is required to be shown is that "that person *or any other person* t[ook] the life of a human being during, or if the death of a human result[ed] from, the commission or attempted commission" of a series of enumerated felony crimes. Okla. Stat. Ann., tit. 21, § 701.7(B) (emphasis added); *see also Littlejohn v. State*, 181 P.3d 736, 742 (Okla. Crim. App. 2008) ("The crime of First Degree Felony Murder requires proof that a homicide occurred in the commission of one of several specified felony crimes."). Thus, even if the officer were to have testified as Mr. Sandoval suggests, that alone would not cause us to question the validity of his conviction. Accordingly, Mr. Sandoval has failed to identify any adequate ground for tolling § 2244(d)'s statute of limitations, and therefore has failed to "show that the district court's resolution of [his] constitutional claim was either 'debatable or wrong.'" *Taylor*, 454 F.3d at 1078 (quoting *Slack*, 529 U.S. at 484).

---

[6] Mr. Sandoval discusses this testimony in his ineffective-assistance-of-counsel argument. *See* Aplt. Opening Br. for Appl. for COA at 4. Construing his filings liberally, however, we assume that this evidence pertains to his actual-innocence claim, and address it as such.

10

## CONCLUSION

For the foregoing reasons, we **DENY** Mr. Sandoval's application for a COA and **DISMISS** his appeal. We also **DENY** his motion to proceed *in forma pauperis*, as he has not demonstrated "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Watkins v. Leyba*, 543 F.3d 624, 627 (10th Cir. 2008) (quoting *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997)) (internal quotation marks omitted).

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

11