FILED
United States Court of Appeals
Tenth Circuit

June 11, 2012

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENCH CIRCUIT

ROBERT CHARLES JONES,

Petitioner - Appellant,

v.

JOSEPH L. TAYLOR, Warden,

Respondent - Appellee.

No. 11-6337

(W.D. Oklahoma)

(D.C. No. 5:11-CV-00894-W)

ORDER DENYING CERTIFICATE OF APPEALABILITY

Before **MURPHY**, **EBEL**, and **HARTZ**, Circuit Judges.

Defendant Robert Charles Jones, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2254 application for habeas relief as untimely. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of application). We deny the application for a COA and dismiss the appeal.

Defendant pleaded *nolo contendere* in Oklahoma state court to charges of possession and distribution of child pornography, sodomy, and child sexual abuse. He was sentenced on December 6, 2004. He allegedly did not learn until September 22, 2009, that he could not be paroled before serving 85% of his sentence.

On August 8, 2011, Defendant filed an application for relief under § 2254 in the United States District Court for the Western District of Oklahoma. The application contended (1) that he was denied due process because he had not been informed before pleading guilty that he would have to serve 85% of his sentence before becoming eligible for parole, and (2) that his trial counsel was ineffective for not informing him of the 85% rule. It also raised a claim described only as "Due Process/Equal Protection of Evidentiary Hearing," R. at 12, which apparently refers to the failure of the state courts to provide him a hearing on his postconviction pleadings. The magistrate judge's Report and Recommendation concluded that the application was untimely. After a de novo review of the record, the district court adopted the recommendation.

A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In other words, the applicant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id*. If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a

substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year limitation on federal petitions for habeas relief. *See* 28 U.S.C. § 2244(d)(1). Ordinarily the one-year period commences when the judgment becomes final. *See id.* § 2244(d)(1)(A). But commencement may be delayed until the factual predicate of the claim could have been discovered by due diligence. *See id.* § 2244(d)(1)(D).

We need not repeat the cogent and thorough analysis of the magistrate judge. The limitations period for Defendant's application commenced no later than September 22, 2009, when he allegedly learned the factual predicate of his claim. Although the one-year period was tolled during the pendency of state postconviction proceedings, *see id.* § 2244(d)(2), the magistrate judge properly computed that the one-year period still expired by November 1, 2010, well before the filing of his August 8, 2011, application under § 2254.

We add only that equitable tolling does not help Defendant. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). In support of his equitable-tolling claims, Defendant argued below and argues here that he is a layman with limited knowledge of the law; that the prison library has "only some law books on a few shelves" and prisoners can access the library only with pre-approval and then only for limited periods of time, Aplt. Br. at 6; that the Oklahoma Court Rules and Procedures book was stolen and unavailable for his research until replaced in August 2010; and that he was denied access to the library during a facility lockdown lasting from November 21, 2009, until May 11, 2010, and it was difficult to get a pass to the library even after the lockdown ended. Ordinarily, however, neither ignorance of the law nor limited access to materials and legal assistance supports a claim of equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." (internal quotation marks omitted)); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("[A] petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law . . . is not enough to support equitable tolling."). Although a complete denial of access to materials at a critical time may justify equitable tolling, *see United States v. Gabaldon*, 522 F.3d 1121 (10th Cir. 2008) (confiscation of prisoner's legal materials six weeks before deadline and refusal

to return them until two weeks after deadline despite prisoner's repeated requests for them may have constituted an extraordinary circumstance), Defendant had several months in which to file an application, even assuming the truth of his allegation that he had no access to legal materials for six months. *See Coppage v. McKune*, 534 F.3d 1279, 1282 (10th Cir. 2008) (no extraordinary circumstances when prisoner had 50 days to file a habeas petition that required limited research because he could raise only issues previously submitted in state court). To the extent that Defendant argues that he should have had an evidentiary hearing in federal court, there was no need for one because the record conclusively demonstrates that he was not entitled to relief. *See Fisher v. Gibson*, 262 F.3d 1135, 1145 (10th Cir. 2001) (evidentiary hearings are a matter of discretion and not required when the petitioner had failed to present extraordinary circumstances that would warrant equitable tolling).

No reasonable jurist could debate the correctness of the district court's decision. We DENY the application for a COA and DISMISS the appeal. We GRANT Defendant's motion to proceed *in forma pauperis*.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-5-