**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 20, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LEON MARKEL WINSTON,

Petitioner - Appellant,

v.

JOE M. ALLBAUGH,

Respondent - Appellee.

No. 18-7038
(D.C. No. 6:17-CV-00290-RAW-KEW)
(E.D. Okla.)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **HARTZ**, **McHUGH,** and **CARSON**, Circuit Judges.

Leon Winston, an Oklahoma state prisoner appearing pro se,[1] seeks a certificate of appealability ("COA") to challenge the dismissal of his petition for writ of habeas corpus. The district court denied his petition as untimely. We deny the COA and dismiss the appeal.

---

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.

[1] Because Mr. Winston appears pro se "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

## I.     ANALYSIS

Mr. Winston is serving a life sentence without the possibility of parole for First Degree Murder. Mr. Winston filed a timely appeal of his conviction in the Oklahoma Court of Criminal Appeals ("OCCA"), and the OCCA affirmed.

Mr. Winston then filed a petition for a writ of habeas corpus on July 26, 2017, in federal court pursuant to 28 U.S.C. § 2254. Mr. Winston did not argue his petition fell within the statute of limitations; however, he alleged equitable tolling should apply because the prison is on lockdown for about 300 days per year during which time he does not have access to the law library. The district court judge dismissed Mr. Winston's petition, ruling it time-barred under 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The district court concluded Mr. Winston's lack of access to the law library did not constitute a rare and exceptional circumstance that warrants equitable tolling and it denied a COA on the issue.

Mr. Winston filed an appeal of the district court's dismissal of his petition for a writ of habeas corpus. Under AEDPA, we must treat his appeal "as an application for a COA." *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). To obtain a COA, Mr. Winston must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And where, as here, the district court disposed of a habeas action as time-barred, a petitioner must also show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Mr. Winston cannot make that showing.

Section 2244(d)'s one-year statute of limitation for filing a federal habeas petition is subject to equitable tolling only in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). "[T]his equitable remedy is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Therefore, the question here is whether reasonable jurists could debate whether prison lockdowns are rare and exceptional circumstances that warrant equitable tolling.

In the past, we have found exceptional circumstances exist "when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (citations omitted). We have also held that "a claim of insufficient access to relevant law . . . is not enough to support equitable tolling." *Id.* "The mere fact of a prison lockdown, moreover, does not qualify as extraordinary absent some additional showing that the circumstances prevented him from timely filing his habeas petition." *Phares v. Jones*, 470 F. App'x 718, 719 (10th Cir. 2012).

While prison lockdowns are uncontrollable, they merely impede access to the relevant law, which we have continuously ruled insufficient to warrant equitable tolling. *See, e.g.*, *Bickham v. Allbaugh*, 728 F. App'x 869, 871 (10th Cir. 2018); *Jones v. Taylor*, 484 F. App'x 241, 242–43 (10th Cir. 2012); *Sandoval v. Jones*, 447 F. App'x 1, 4 (10th

Cir. 2011). Access to the law is merely a "means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting *Bounds v. Smith*, 430 U.S. 817, 825 (1977)). Temporary absence of that means does not automatically warrant equitable tolling. Additionally, nothing in the record demonstrates Mr. Winston has diligently pursued his claim.

The district court's conclusion that equitable tolling is not justified by prison lockdowns in the absence of a showing of additional circumstances that prevented timely filing is not subject to debate among reasonable jurists.

## II.     CONCLUSION

For the foregoing reasons, we **DENY** a COA and **DISMISS** the appeal.[2]

Entered for the Court


Carolyn B. McHugh
Circuit Judge

---

[2] Additionally, we deny as moot Mr. Winston's motion for an evidentiary hearing on the merits of Mr. Winston's constitutional claims. *See United States v. Arrowgarp*, 558 F. App'x 824, 826 (10th Cir. 2014) (affirming denial of an evidentiary hearing on merits issue as moot when equitable tolling did not apply).